**Robert E. EVANS, Appellant,**

v.

**Margaret M. HECKLER, Secretary of the Department of Health and Human Services, Appellee.**

No. 84–1731.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1985.

Decided Jan. 22, 1985.

David Kite, Jefferson City, Mo., for appellant.

F.O. Griffin, Asst. U.S. Atty., and Paul P. Cacioppo, Regional Atty., Region VII, H & HS, Kansas City, Mo., for appellee.

Before HEANEY, ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

Robert E. Evans was awarded disability benefits on July 25, 1973. In 1977, the Secretary determined that his condition no longer prevented him from engaging in substantial gainful activity. After a hearing, an administrative law judge determined that Evans continued to be disabled and entitled to disability insurance benefits. Subsequently, the Social Security Administration issued a Continuance of Disability Determination on October 18, 1978.

A second review of medical evidence was undertaken by the state agency in 1981. On July 31, 1981, the Secretary determined that Evans' condition no longer prevented him from engaging in gainful activity. Disability benefits were discontinued as of August, 1981. Evans requested a hearing before an administrative law judge. The administrative law judge affirmed the decision of the Secretary on June 21, 1982, and the Appeals Council affirmed that decision on November 5, 1982. Evans appealed the Secretary's decision to the United States District Court for the Western District of Missouri. It affirmed. Evans appeals.

■ After a careful review of the record, we remand to the district court with directions to it to remand to the Secretary for a redetermination pursuant to this Court's opinion in *Polaski v. Heckler*, 751 F.2d 943 (8th Cir.1984). On remand, two questions must be answered: (1) Has there been *medical improvement* in Evans' impairment or combination of impairments since September 1, 1978, the date on which it was last determined that Evans was disabled, and that his disability benefits should be continued? (2) Is Evans now able to engage in substantial gainful activity? Unless both questions are answered in the affirmative, Evans' disability benefits must be reinstated as of September 1, 1981.

■ Evans may request that interim benefits be paid until such time as the matter is finally determined. The Secretary shall promptly honor such a request.